UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| v. | § § § § § | No.  A-22-MJ-00501-ML |
| **(1) DAMON PATTERSON,** *Defendant* | | |

# ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, in particular, the quantity of methamphetamines alleged to have been distributed by Defendant and the presence of firearms at multiple drug-related transactions with Defendant;

- the weight of the evidence against the person, in particular, anticipated testimony from an undercover law enforcement agent who conducted multiple drug transactions with Defendant and who participated in at least one firearm sale involving Defendant;

- the history and characteristics of the person, including—Defendant's lack of any recent legitimate employment, his history of drug abuse and multiple drug-related convictions, his history of failing to abide by terms of probation and pretrial release, his history of multiple felony burglaries, and the fact

1

- that at the time of the current offense, Defendant was on release pending trial under State or local law;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, particularly, Defendant's history of violence and drug abuse, evidence of numerous unsecured firearms in Defendant's home, allegations of family violence, and evidence of open drug use in Defendant's home in the presence of young children; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED June 2, 2022.

                                         DUSTIN M. HOWELL
                                         UNITED STATES MAGISTRATGE JUDGE